**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| DENNIS MICHAEL PICKLE, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 07-119-DCR |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| DONALD STINE, Warden, ) | **AND ORDER** |
| ) | |
| Respondent. ) | |

\*\* \*\* \*\* \*\* \*\*

Dennis Michael Pickle is confined in the United States Penitentiary McCreary ("USP-McCreary"), which is located in Pine Knot, Kentucky. Pickle has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has paid the $5.00 filing fee. [Record Nos. 2 & 5] This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1]

## RESPONDENT AND CLAIMS

---

[1] As the Petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, a district court may dismiss a petition at any time, or make any such disposition as law and justice require, if it determines that a petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); 28 U.S.C. §1915(e)(2) (district court can dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted).

Dockets.Justia.com

The Petitioner names D. L. Stine, Warden of USP-McCreary, as the Respondent. He claims that under the Fifth Amendment of the United States Constitution, Stine has no authority to hold him in custody. He argues that Title 18 of the United States Code, which governs "Crimes and Criminal Procedure," was not legally enacted in 1948. He asserts that because of the defective law-making process, the lengthy criminal sentence imposed against him for violation of a provision of Title 18 renders his sentence void under various provisions of the United States Constitution.

ALLEGATIONS OF THE PETITION

1.  Conviction and §2255 Motion

In June 2004, Pickle pleaded guilty to Unlawful Transportation of Firearms in the United States District Court for the Middle District of Florida, Orlando Division ("the trial court").[2] *See United States of America v. Dennis Michael Pickle*, 6:04-CR-60-1 (Hon. Anne C. Conway, presiding). On August 24, 2004, the trial court sentenced Pickle to a 180-month term of imprisonment, plus a 3-year term of supervised release. [04-CR-60-1, Docket Entry No. 36]

In his §2441 petition form, the Pickle makes no mention of having filed a motion in the trial court to set aside his conviction under 28 U.S.C. §2255. Furhter, review of the Public Access to Court Electronic Records ("PACER") internet site reveals that the Pickle did **not** file a §2255 motion to vacate his sentence in the trial court

2.  Petitioner's Legal Argument

---

[2]  Pickle was charged and convicted under 18 U.S.C. §922(g), "Unlawful Transportation of Firearms."

In addition to Pickle's ten-page preprinted Petition Form, he has attached a 20-page Memorandum of Law and ten separate sets of attachments. The attachments alone consist of over 130 pages of material which Pickle is asking the Court to review . Summarized, the Petitioner contends that the trial court did not have jurisdiction to prosecute him for the crimes of which he was convicted in 1994. He contends that Title 18 of the United States Code was not legally passed into law in 1948. In essence, he claims that, because Public Law 80-772 was never voted into law by the Senate during any session of the 80th Congress, Title 18 was void *ab initio*. Petitioner states that "it [Title 18 of the United States Code] was neither presented to nor voted on by either House, much less certified as a true bill nor rolled in the journals of Congress. Rather, the speakers of the two Houses got together in private, signed the amended version, and presented it to President Harry S. Truman, who signed it." [Petitioner's Mem. Of Law, Record No. 2, p. 1]

The Petitioner appears to argue when the 1948 legislative process adjourned *sine die* without a Senate vote on H.R. 3190, that adjournment automatically killed all bills or matters not resolved prior to that adjournment. [*Id*., p. 2]  In one passage, the Petitioner states: "The upshot of this is that the 1948 version does not grant any jurisdiction to the district court over "infamous crimes" within the protection of the 5th Amendment." [*Id*.][3]

---

[3] In Section 3 of the pre-printed petition form, Pickle provides the following explanation as to why he believes that his post-conviction remedy under §2255 was inadequate or ineffective:

> Due Process violations, petitioner is unlawfully subjected to physical restraint from standpoint of availability of habeas corpus relief, where a statute under which he was convicted is unconstitutional, was denied constitutional rights at trial, gave invalid guilty plea, being unlawfully incarcerated in prison. Preiser v. Rodriguez, . . . 95 S. Ct. 1827 . . .

Under the section of the §2241 petition form which asks for "Grounds for Relief," Pickle states:

DISCUSSION

1.  Petition Violates Fed. R. Civ. P. 8

The Court finds that the allegations in this petition, and the voluminous and excessive attachments, amount to nonsensical accusations. The claims in the submissions contains language reminiscent of old treatises; many Latin phrases; purported citations to legislation, law dictionaries and the Congressional record; extremely dramatic language; and strange similes and metaphors. The *pro se* submissions are difficult to read due to the antiquated phrases and the sheer volume of material presented for review.

The Court, however, is familiar with the arguments presented in the instant petition. Several prisoners confined in another prison, the United States Penitentiary Big Sandy ("USP-Big Sandy"), have submitted similar versions of the current §2241 petition.[4] None of these other petitioners stated a claim upon which this Court granted relief.

In October of 2006, USP-Big Sandy inmate John Jose Watford filed a similar §2241 petition in which he challenged the manner in which Congress enacted Title 18 in 1948. Watford named the U.S. Attorney General, the Director of the Bureau of Prisons ("BOP"), and

---

Title 18 and USC 28 did not pass as a legal bill, the statutes are invalid and unconstitutional . . . See 1948 Congressional Records, 80th Congress, Index to the Code of Federal Regulations. On page 779 the following is found, there are no regulations published in the Federal Register which extends authority for 18 USC § through 12 or §3231 to the state republics. See memorandum 1-22 attached to §2241.

[Petition Form, Record No. 2-1, p. 5]

[4] USP-Big Sandy is another federal prison within the jurisdiction of the Eastern District of Kentucky. USP-Big Sandy is located in Inez, Kentucky.

the U.S.P.-Big Sandy warden as the three Respondents in his §2241 petition. *See Watford v. Alberto Gonzales et al*, Lexington No. 06-328 (Chief Judge Hood, presiding).

After screening, Chief Judge Hood dismissed the action, *sua sponte*, and entered Judgment against the Petitioner on November 22, 2006. The Court concluded:

> The Petitioner [Watford] has apparently taken a line from a legislative clerk's June 28, 2000 letter to someone else and extrapolated a theory that because Title 18 was not voted on during Congress's June 1948 session, then that Title and all the revisions which flowed thereafter are void, and the various parts of the Department of Justice have no authority to hold him. He cites no authority so invalidating Title 18. . . . While the Courts are often criticized for using "legal mumbo jumbo" unnecessarily or excessively, it is the instant Petitioner who has exceeded all bounds of the language this time.

[*Watford*, 06-328-JMH, Record No. 10]. *See also Gary Hall v. Alberto Gonzales*, Pikeville Civil Action No. 07-06 (Judge Van Tatenhove, presiding) (dismissing on February 7, 2007, Hall's petition containing the same allegations and bombastic language, and quoting this portion of the *Watford* opinion); and *Gerald L. Campbell v. Alberto Gonzales, et al.*, Pikeville Civil Action No. 07-36 (Judge Van Tatenhove, presiding) (same as dismissal order entered in *Hall*, No. 07-06).

On April 16, 2007, another USP-McCreary inmate, Stephen Mullican, filed a §2241 petition which is identical in almost all respects to the petition Pickle filed six days earlier. *See Stephen Mullican v. Warden Stine*, London No. 6: 07-129 (Judge Caldwell, presiding). It appears that Petitioners Mullican and Pickle obtained their identical submissions from the same source within USP-McCreary. Like USP-Big Sandy inmates Watford, Hall, Campbell, and fellow USP-McCreary inmate Mullican, Petitioner Pickle has violated Rule 8 of the Federal Rules of Civil Procedure, which requires that "each averment of a pleading shall be simple,

concise and direct." Fed. R. Civ. P. 8(e). Nothing in his excessive filings complies with this requirement. To the contrary, Pickle, like his predecessors, has filed pleadings containing convoluted and archaic wording. He has submitted voluminous documents which do nothing to advance any kind of legitimate legal argument.

Again, the Court recognizes that a *pro se* pleading should be held to a less stringent standard than that submitted by an attorney and should be construed as alleging all fairly and reasonably inferred claims. *See e.g.*, *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, Federal Rule of Civil Procedure 8, at subsections (a) and (e), imposes limits on the degree of latitude afforded to *pro se* litigants. *See O'Leary v. Raley*, 902 F.2d 1579, 1990 WL 66489 (9th Cir. 1990); *Boswell v. Honorable Governor of Texas*, 138 F. Supp.2d 782, 786 (N.D. Tex. 2000). In the present case, the Petitioner has violated the letter and spirit of Fed. R. Civ. P 8(a), which requires that pleadings be "short" and "plain," and Rule 8(e) requires each averment to be "simple, concise and direct." A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement. *Vakalis v. Shawmut Corp.*, 925 F.2d 34, 36 (1st Cir.1991); *Mangan v. Weinberger*, 848 F.2d 909, 911 (8th Cir.1988). *See* Fed. R. Civ. P. 41(b).

In addition, the Joint Local Rules for United States District Courts for the Eastern and Western Districts of Kentucky limit any supporting or opposing memoranda to 40 pages . *See* Local Rule 7.1. This rule was implemented in part in consideration of the fact that the district courts have limited resources. While a party is entitled to state his claims and arguments, he must observe a reasonable degree of brevity, which a forty-page memorandum will

accommodate. The Petitioner's 150- page filing is a pre-packaged assembly line submission – not an organized or concise statement of his legal claims.

In *Barsella v. United States*, 135 F .R. D. 64 (S.D. N.Y. 1991), the district court aptly described the problem with submissions similar to the Petitioner's 150-plus-page initiating document. The court stated:

> [C]omplaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals [Fed. R. Civ. P. 8] and this system and must be dismissed. *Prezzi v. Berzak*, 57 F. R. D. 149, 151 (S.D.N.Y.1972); *accord Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (per curiam), cert. *denied*, 411 U.S. 935, 93 S. Ct. 1911 (1983); *Chodos v. F.B.I.*, 559 F. Supp. 69, 71-72 (S. D. N.Y.), *aff'd*, 697 F.2d 289 (2d Cir.1982), *cert. denied*, 459 U.S. 1111, 103 S. Ct. 741 (1983).

*Barsella v. United States*, 135 F. R. D. at 66.

This Court does not encourage the filing of packaged petitions. Any case filed in this district should be based upon the facts and the law of a particular situation. For a pleading which consists of a "morass of garbled text" and is filled with unconnected facts and legalese, dismissal of the action without prejudice would ordinarily be the preferred resolution so as to afford the litigant the opportunity to re-file a challenge to his sentence, if that is appropriate. However, for the reasons discussed below, Pickle's petition will be dismissed *with* prejudice.

2. Relief under §2241 Not Warranted

Pickle is barred from using this Court's §2241 jurisdiction to challenge the criminal judgment rendered in the trial court unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment was inadequate or ineffective to challenge the

legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A demonstration of the inadequacy and ineffectiveness of a prisoner's remedy via a §2255 motion to the trial court is a high one under *Charles* and *Martin*. Section 2241 is not a "catch all" remedy that may be invoked for simple convenience, *Charles*, 180 F.3d at 758; it is a narrow remedy available only to the rare habeas petitioner who can demonstrate that his Section 2255 remedy was truly "inadequate and ineffective." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The Section 2255 remedy is not rendered "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758. The remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*. at 758.

The current challenge to the BOP's authority to hold prisoners for service of their sentences purportedly arose in 1948. There is little chance that any petitioner raising such a claim could meet this inadequate and ineffective standard today. Any person sentenced after 1948 could have raised the claim at his sentencing, on a direct appeal of that sentence, or via a §2255 motion.

Here, both the Petitioner's own information [Record No. 2-1, p. 2] and review of the PACER docket sheet from the trial court verify that the Petitioner did not avail himself of the remedy under §2255 before the trial court. The Petitioner raised **no** prior challenge in the trial court concerning the implementation of Title 18 during the 1948 Congressional session. Instead, Pickle raised the convoluted challenge to Title 18's implementation for the first time in this §2241 petition. Having had adequate and effective opportunities to assert the instant claim earlier, and having failed to do so, Pickle may not proceed to do so under this Court's §2241 jurisdiction.

## CONCLUSION

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1)  Petitioner Dennis Michael Pickle's petition for writ of habeas corpus is **DENIED**.

(2)  This action shall be **DISMISSED, WITH PREJUDICE**, *sua sponte*, from the docket of the Court.

(3)  Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 19th day of April, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge